UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANKWELL BANK, ) | |
| ) | \_\_\_\_CV\_\_\_\_ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GARDNER AGENCY OF TEXAS, LLC ) | |
| and STEVEN C. GARDNER, ) | |
| ) | |
| Defendants. ) | MARCH 6, 2023 |

# COMPLAINT

Plaintiff Bankwell Bank ("Bankwell"), by its attorneys, for its complaint against Gardner Agency of Texas, LLC ("Gardner Agency") and Steven C. Gardner ("Gardner") alleges as follows:

## NATURE OF THE ACTION

1.  In March 2019 Gardner Agency entered into two loans with Bankwell for purposes of acquiring two books of insurance business, future commissions from such policies and other assets. As security for the loan, Bankwell received, among other things, a security interest in all of Gardner Agency's collateral, including but not limited to, its rights to future commissions from insurers, an unconditional guarantee from Gardner and the transfer of all memberships interests in Gardner Agency.

2.  In August 2022, Gardner Agency defaulted on the loans. Shortly thereafter, Bankwell elected, as was its right under the subject notes, to accelerate the loans and declare all amounts due and owing. Defendants have failed to pay what they owed. As such, Bankwell commences this action seeking damages based on breach of the notes and to foreclose on the collateral.

## THE PARTIES

3. Plaintiff Bankwell is a Connecticut community banking association with a principal place of business located at 258 Elm Street, New Canaan, Connecticut 06840.

4. Defendant Gardner Agency is a Texas limited liability company with a principal place of business located at 585 Anton Boulevard, Unit 1360, Costa Mesa, California 92626-7012.

5. Defendant Gardner is an individual who resides 585 Anton Boulevard, Unit 1360, Costa Mesa, California 92626-7012.

6. Upon information and belief and at all relevant times, Gardner has an 80% membership interest in Gardner Agency and the two minority members, each holding a 10% interest, are Aloha ATX, LLC ("Aloha ATX") and AND Professional Services, LLC ("AND Professional"). Upon information and belief Aloha ATX is a Texas limited liability company with a principal place of business located at 10801 Beachmont Lane, Austin, Texas 78739-1787 and AND Professional is a Virginia limited liability company with a principal place of business located at 192 Campbell Lane, Mineral, Virginia 23117-4980.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) because under the subject note payments were to be made in New Canaan, Connecticut and each of the defendants consented that any suits relating to the subject loans could proceed in the state and federal courts of Connecticut.

**FACTUAL BACKGROUND**

8.     On or about March 29, 2019, Gardner Agency entered into two United States Small Business Administration loans with Bankwell to, upon information and belief, acquire two lines of insurance business from Policy Pro, Inc. (hereafter referred to as "Loan #1") and the Randy Juneau Agency (hereafter referred to as Loan #2).

**Loan Documents for Loan #1**

9.     Gardner Agency executed a Note in the original principal amount of $1,248,000 dated March 29, 2019 ("Note #1").

10.    Note #1 required certain monthly principal and interest payments subject to a fluctuating interest rate as set forth in Note #1.

11.    Pursuant to Section 4 of Note #1, a default occurs if Gardner Agency fails to make a payment when due.

12.    Pursuant to Section 5(a) of Note #1, Bankwell has the right to "require immediate payment of all amounts owing under this Note" upon a default, including various other rights and remedies.

13.    Section 10(a) of Note #1 states as follows:

TO INDUCE HOLDER TO ENTER INTO THE COMMERCIAL LOAN TRANSACTION EVIDENCED BY THIS NOTE AND ANY MORTGAGE OR SECURITY AGREEMENT SECURING THE SAME, THE BORROWER AGREES THAT THIS IS A COMMERCIAL TRANSACTION AND NOT A CONSUMER TRANSACTION, AND WAIVES ANY RIGHT TO A NOTICE AND HEARING UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED, OR OTHER STATUTE OR STATUTES AFFECTING PREJUDGMENT REMEDIES AND AUTHORIZES HOLDER'S ATTORNEY TO ISSUE A WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER AND WAIVES ANY CLAIM IN TORT CONTRACT OR OTHERWISE AGAINST LENDER'S ATTORNEY WHICH MAY ARISE OUT OF SUCH ISSUANCE OF THE WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER. BORROWER ACKNOWLEDGES AND STIPULATES THAT SUCH

WAIVERS AND AUTHORIZATIONS GRANTED ABOVE ARE MADE KNOWINGLY AND FREELY AND AFTER FULL CONSULTATION WITH COUNSEL, SPECIFICALLY, BORROWER RECOGNIZES AND UNDERSTANDS THAT THE EXERCISE OF HOLDER'S RIGHTS DESCRIBED ABOVE MAY RESULT IN THE ATTACHMENT OF OR LIEN AGAINST THE BORROWER'S PROPERTY, AND SUCH WRIT FOR A PREJUDGMENT REMEDY WILL NOT HAVE THE PRIOR WRITTEN APPROVAL OR SCRUTINY OF A COURT OF LAW OR OTHER JUDICIAL OFFICER NOR WILL THE BORROWER HAVE THE RIGHT TO ANY NOTICE OR PRIOR HEARING WHERE THE BORROWER MIGHT CONTEST SUCH A PROCEDURE. THE INTENT OF THE BORROWER IS TO GRANT TO HOLDER FOR GOOD AND VALUABLE CONSIDERATION THE RIGHT TO OBTAIN SUCH. A PREJUDGMENT REMEDY AND TO ASSURE THAT ANY SUCH PREJUDGMENT REMEDY OBTAINED IS VALID AND CONSTITUTIONAL. FURTHER, TO THE EXTENT ALLOWED UNDER APPLICABLE LAW, THE BORROWER HEREBY WAIVES DEMAND, PRESENTMENT FOR PAYMENT, PROTEST, NOTICE OF PROTEST, NOTICE OF DISHONOR, DILIGENCE IN COLLECTION, NOTICE OF NONPAYMENT OF THIS NOTE AND ANY AND ALL NOTICES OF A LIKE NATURE.

14. As security for Note #1, Gardner executed an Unconditional Guarantee (the "Note #1 Guaranty") unconditionally guaranteeing payment to Bankwell of all amounts due and owing under Note #1.

15. As further security for Note #1, Gardner Agency executed a Security Agreement (the "Note #1 Security Agreement") whereby Gardner Agency provided Bankwell a continuing security interest in its Collateral, as such term is defined in the Security Agreement. Collateral includes, but is not limited by, all accounts, documents, instruments, and proceeds.

16. To evidence the security interest in the Collateral, Bankwell caused to be filed a UCC-1 Financing Statement with the Texas Secretary of State, which financial statement was assigned filing number 19-001217274.

17. Pursuant to Section 5 of the Note #1 Security Agreement, Gardner Agency agreed, until all obligations to Bankwell have been paid in full, to not sell, assign, transfer, convey or lease any interest in any or all of its assets without Bankwell's prior written consent.

18.     Pursuant to Section 2.3 of the Note #1 Security Agreement, Bankwell, in the event of a default of Note #1, has various rights and remedies including, but not limited to, requiring Gardner Agency to transmit to Bankwell all funds or proceeds from the Collateral and to notify and/or require Gardner Agency to notify all parties obligated to make payments to Gardner Agency to make said payments directly to Bankwell.

19.     As further security of Loan #1, Gardner, Aloha ATX and AND Professional all executed, in substantially similar form, a Membership Pledge Agreement (collectively "the Note #1 Membership Pledge Agreements") whereby each pledged their respective membership interest in Gardner Agency to Bankwell and executed and provided a Membership Power to Bankwell.

20.     Upon a default by Gardner Agency and pursuant to Section 7(b)(ii) of the Note #1 Membership Pledge Agreement, all rights of Gardner, Aloha ATX and AND Professional to receive dividends, payments or other distributions shall cease and all such rights shall be vested in Bankwell.

21.     Section 20 of the Membership Pledge Agreements provide as follows:

<u>Prejudgment Remedies.</u> THE PLEDGOR AGREES THAT THIS IS A COMMERCIAL TRANSACTION AND NOT A CONSUMER TRANSACTION, AND WAIVES WITH RESPECT TO ALL RIGHTS OF CREDITORS TO PROPERTY UNDER CONNECTICUT LAW, ANY RIGHT TO A NOTICE AND HEARING OR TO REQUEST THAT PLEDGEE POST A BOND IN CONNECTION WITH ANY PREJUDGMENT REMEDY UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED, OR OTHER STATUTE OR STATUTES AFFECTING PREJUDGMENT REMEDIES AND AUTHORIZES PLEDGEE'S ATTORNEY TO ISSUE A WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER, AND WAIVES ANY CLAIM IN TORT, CONTRACT OR OTHERWISE AGAINST PLEDGEE'S ATTORNEY WHICH MAY ARISE OUT OF SUCH ISSUANCE OF THE WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER.

22. To evidence the security interest in the respective membership interests, Bankwell caused to be filed the following: (a) as to Gardner's membership interest, a UCC Financing Statement with the California Secretary of State, which financial statement was assigned filing number 19-7704582376; (b) as to Aloha ATX's membership interest, a UCC Financing Statement with the Texas Secretary of State, which financial statement was assigned filing number 19-0011217416; and (c) as to AND Professional's membership interest, a UCC Financing Statement with the Commonwealth of Virginia State Corporation Commission, which financial statement was assigned filing number 19-03-29-5255-9.

**Loan Documents for Loan #2**

23. Gardner Agency executed a Note in the original principal amount of $1,152,000 dated March 29, 2019 ("Note #2"; collectively with Note #1, the "Notes").

24. Note #2 had the same terms and conditions as previously set forth above with respect to Note #1.

25. Section 10(a) of Note #2 states as follows:

TO INDUCE HOLDER TO ENTER INTO THE COMMERCIAL LOAN TRANSACTION EVIDENCED BY THIS NOTE AND ANY MORTGAGE OR SECURITY AGREEMENT SECURING THE SAME, THE BORROWER AGREES THAT THIS IS A COMMERCIAL TRANSACTION AND NOT A CONSUMER TRANSACTION, AND WAIVES ANY RIGHT TO A NOTICE AND HEARING UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED, OR OTHER STATUTE OR STATUTES AFFECTING PREJUDGMENT REMEDIES AND AUTHORIZES HOLDER'S ATTORNEY TO ISSUE A WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER AND WAIVES ANY CLAIM IN TORT CONTRACT OR OTHERWISE AGAINST LENDER'S ATTORNEY WHICH MAY ARISE OUT OF SUCH ISSUANCE OF THE WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER. BORROWER ACKNOWLEDGES AND STIPULATES THAT SUCH WAIVERS AND AUTHORIZATIONS GRANTED ABOVE ARE MADE KNOWINGLY AND FREELY AND AFTER FULL CONSULTATION WITH COUNSEL, SPECIFICALLY, BORROWER RECOGNIZES AND UNDERSTANDS THAT THE EXERCISE OF HOLDER'S RIGHTS DESCRIBED ABOVE MAY RESULT IN THE

ATTACHMENT OF OR LIEN AGAINST THE BORROWER'S PROPERTY, AND SUCH WRIT FOR A PREJUDGMENT REMEDY WILL NOT HAVE THE PRIOR WRITTEN APPROVAL OR SCRUTINY OF A COURT OF LAW OR OTHER JUDICIAL OFFICER NOR WILL THE BORROWER HAVE THE RIGHT TO ANY NOTICE OR PRIOR HEARING WHERE THE BORROWER MIGHT CONTEST SUCH A PROCEDURE. THE INTENT OF THE BORROWER IS TO GRANT TO HOLDER FOR GOOD AND VALUABLE CONSIDERATION THE RIGHT TO OBTAIN SUCH. A PREJUDGMENT REMEDY AND TO ASSURE THAT ANY SUCH PREJUDGMENT REMEDY OBTAINED IS VALID AND CONSTITUTIONAL. FURTHER, TO THE EXTENT ALLOWED UNDER APPLICABLE LAW, THE BORROWER HEREBY WAIVES DEMAND, PRESENTMENT FOR PAYMENT, PROTEST, NOTICE OF PROTEST, NOTICE OF DISHONOR, DILIGENCE IN COLLECTION, NOTICE OF NONPAYMENT OF THIS NOTE AND ANY AND ALL NOTICES OF A LIKE NATURE.

26. As security for Note #2, Gardner executed an Unconditional Guarantee (the "Note #2 Guaranty") unconditionally guaranteeing payment to Bankwell of all amounts due and owing under Note #2.

27. As further security for Note #2, Gardner Agency executed a Security Agreement (the "Note #2 Security Agreement"; collectively with the Note #1 Security Agreement, the "Security Agreements") whereby Gardner Agency provided Bankwell a continuing security interest in its Collateral, as such term is defined in the Security Agreements, on the same terms and conditions as set forth above with respect to the Note #1 Security Agreement.

28. The Security Agreements are governed by Connecticut law.

29. To evidence the security interest in the Collateral, Bankwell caused to be filed a UCC-1 Financing Statement with the Texas Secretary of State, which financial statement was assigned filing number 19-001217274.

30. As further security of Note #2, Gardner, Aloha ATX and AND Professional all executed, in substantially similar form, a Membership Pledge Agreement (collectively "the Note #2 Membership Pledge Agreements") whereby each pledged their respective membership

interest in Gardner Agency to Bankwell and executed and provided a Membership Power to Bankwell.

32. Upon a default by Gardner Agency and pursuant to Section 7(b)(ii) of the Note #2 Membership Pledge Agreement, all rights of Gardner, Aloha ATX and AND Professional to receive dividends, payments or other distributions shall cease and all such rights shall be vested in Bankwell.

32. Section 20 of the Membership Pledge Agreements provide as follows:

<u>Prejudgment Remedies.</u> THE PLEDGOR AGREES THAT THIS IS A COMMERCIAL TRANSACTION AND NOT A CONSUMER TRANSACTION, AND WAIVES WITH RESPECT TO ALL RIGHTS OF CREDITORS TO PROPERTY UNDER CONNECTICUT LAW, ANY RIGHT TO A NOTICE AND HEARING OR TO REQUEST THAT PLEDGEE POST A BOND IN CONNECTION WITH ANY PREJUDGMENT REMEDY UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED, OR OTHER STATUTE OR STATUTES AFFECTING PREJUDGMENT REMEDIES AND AUTHORIZES PLEDGEE'S ATTORNEY TO ISSUE A WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER, AND WAIVES ANY CLAIM IN TORT, CONTRACT OR OTHERWISE AGAINST PLEDGEE'S ATTORNEY WHICH MAY ARISE OUT OF SUCH ISSUANCE OF THE WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER.

33. To evidence the security interest in the respective membership interests, Bankwell caused to be filed the following: (a) as to Gardner's membership interest, a UCC Financing Statement with the California Secretary of State, which financial statement was assigned filing number 19-7704582376; (b) as to Aloha ATX's membership interest, a UCC Financing Statement with the Texas Secretary of State, which financial statement was assigned filing number 19-0011217416; and (c) as to AND Professional's membership interest, a UCC Financing Statement with the Commonwealth of Virginia State Corporation Commission, which financial statement was assigned filing number 19-03-29-5255-9.

**The Defaults**

34. Gardner Agency defaulted on Note #1 by failing to pay the required monthly payment of principal for the month of August 2022 and monthly payments of principal and interest for September 2022 and October 2022.

35. Gardner Agency defaulted on Note #2 by failing to pay the required monthly payment of principal for the month of September 2022 and principal and interest for the month of October 2022.

36. By correspondence dated October 28, 2022 entitled Notice of Default and Acceleration of Loan, Bankwell provided Defendants with notice of the aforementioned defaults and, pursuant to Section 5(A) of the Notes, advised that Bankwell elected to demand immediate payments of all amounts due and owing.

37. Despite demand, Defendants have failed and/or refused to pay Bankwell the amounts due and owning under the Notes.

38. By correspondence dated February 7, 2023, Bankwell notified Gardner Agency that all distributions to any members should cease and demanded, by no later than February 14, 2023, all funds be transferred to a specified Bankwell account, all parties obligated to make payment to Gardner Agency be notified in writing to make payment to Bankwell and provide certain documentation in accordance with the Financial Covenants and Financial Reporting Agreement.

39. To date, Bankwell has not received any confirmation that distributions to members have ceased, the funds or documentation demanded nor any proof that any of the payors have been notified to transmit payment to Bankwell.

**Defendants' Sale of Collateral Without Bankwell's Approval**

40. On or about May 28, 2021, Gardner sold the business assets of another of his entities, Gardner Insurance Agency of Houston, LLC to NavSav Holdings LLC for a purchase price of $1,782,000 (the "NavSav Transaction")

41. In September 2022, Gardner, for the first time, advised Bankwell that he included in the NavSav Transaction assets that were Collateral under the Security Agreements, namely a commercial book of business acquired from the Randy Juneau Agency (the proceeds of Note #2 were used by Gardner Agency to acquire the Randy Juneau Agency).

42. Defendants never obtained Bankwell's prior written consent for the partial sale of the Collateral as required by the Note #2 Security Agreement.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANT GARDNER AGENCY
### FOR BREACH OF NOTE #1

43. Bankwell repeats and re-alleges the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44. Note #1 is a valid and enforceable agreement.

45. Bankwell has fully performed under Note #1.

46. Gardner Agency is liable to Bankwell for all amounts due and owing under Note #1, including, but not limited to, the outstanding balance, all interest on the Note as may accrue plus Bankwell's reasonable attorneys' fees and costs in prosecuting the action and in otherwise enforcing Bankwell's rights and remedies.

47. Despite demand, Gardner Agency has not paid the amounts due and owing under Note #1.

48. As a result of said breach, Bankwell has been damaged.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT GARDNER AGENCY**
**FOR BREACH OF NOTE #2**

49. Bankwell repeats and re-alleges the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

50. Note #2 is a valid and enforceable agreement.

51. Bankwell has fully performed under Note #2.

52. Gardner Agency is liable to Bankwell for all amounts due and owing under Note #2, including, but not limited to, the outstanding balance, all interest on the Note as may accrue plus Bankwell's reasonable attorneys' fees and costs in prosecuting the action and in otherwise enforcing Bankwell's rights and remedies.

53. Despite demand, Gardner Agency has not paid the amounts due and owing under Note #2.

54. As a result of said breach, Bankwell has been damaged.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANT GARDNER**
**FOR BREACH OF NOTE #1 GUARANTY**

55. Bankwell repeats and re-alleges the allegations contained in paragraphs 43 through 48 of the First Cause of Action as if fully set forth herein.

56. The Note #1 Guaranty is a valid and enforceable agreement.

57. Bankwell has fully performed under the Note #1 Guaranty.

58. Gardner has breached the Note #1 Guaranty for failing to pay Bankwell all amounts due and owing under Note #1, including, but not limited to, the outstanding balance, all

interest on the Note as may accrue plus Bankwell's reasonable attorneys' fees and costs in prosecuting the action and in otherwise enforcing Bankwell's rights and remedies.

59. Despite demand, Gardner has not paid the amounts due and owing under Note #1 pursuant to the Note #1 Guaranty.

60. As a result of said breach, Bankwell has been damaged.

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT GARDNER
### FOR BREACH OF NOTE #2 GUARANTY

61. Bankwell repeats and re-alleges the allegations contained in paragraphs 49 through 54 of the Second Cause of Action as if fully set forth herein.

62. The Note #2 Guaranty is a valid and enforceable agreement.

63. Bankwell has fully performed under the Note #2 Guaranty.

64. Gardner has breached the Note #2 Guaranty for failing to pay Bankwell all amounts due and owing under Note #2, including, but not limited to, the outstanding balance, all interest on the Note as may accrue plus Bankwell's reasonable attorneys' fees and costs in prosecuting the action and in otherwise enforcing Bankwell's rights and remedies.

65. Despite demand, Gardner has not paid the amounts due and owing under Note #2 pursuant to the Note #2 Guaranty.

66. As a result of said breach, Bankwell has been damaged.

### FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT GARDNER AGENCY
### FOR BREACH OF THE NOTE #2 SECURITY AGREEMENT

67. Bankwell repeats and re-alleges the allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

68. The Note #2 Security Agreement is a valid and enforceable agreement.

69. Bankwell has fully performed under the Note #2 Security Agreement.

70. Gardner Agency breached the Note #2 Security Agreement by permitting the partial sale of its Collateral in the NavSav Transaction.

71. As a result of said breach, Bankwell has been damaged.

72. Pursuant to Conn. Gen. Stat. § 52-515 and the terms of the Security Agreement, Bankwell seeks such damages for Bankwell's wrongful detention of the Collateral in an amount to be proved at trial.

**SIXTH CAUSE OF ACTION
AGAINST GARDNER AGENCY
<u>FORECLOSURE OF SECURITY INTEREST</u>**

73. Bankwell repeats and re-alleges the allegations contained in paragraphs 1 through 72 as if fully set forth herein.

74. Bankwell may exercise any and all remedies available to a secured party under the Connecticut Uniform Commercial Code, which rights and remedies include, but are not limited to, the right to sell, lease or otherwise dispose of any or all of the Collateral as defined in the Security Agreements and to apply the proceeds thereof in payment of Gardner Agency's obligations to Bankwell, all as set forth in Connecticut General Statute Section 42a-9-601 *et seq*.

75. There are no encumbrances of record upon the Collateral sought to be foreclosed which are prior in right to the security interests of Bankwell.

76. Upon information and belief, there are no security interests in the Collateral sought to be foreclosed that are subsequent in right and subordinate to the security interests of Bankwell.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bankwell Bank requests the following relief:

a. Compensatory Damages;

b. Interest as permitted by the terms of the loan documents and applicable law;

c. Attorneys fees and costs as permitted by the terms of the loan documents and applicable law;

d. Immediate possession of the Collateral;

e. An Order upon Gardner Agency to deliver to Bankwell's possession the Collateral, if located out-of-state, or if unable to do so, as determined by the Court, to make arrangements to turn over said Collateral to Bankwell's possession;

f. An injunction prohibiting Gardner Agency from selling or otherwise transferring any of the Collateral in its possession, custody or control.

g. A Declaratory Judgment declaring that:

(i) Plaintiff has a perfected first priority security interest in the Collateral;
(ii) Plaintiff may realize upon its security interest in the Collateral by selling the same at public or private auction, or by any other commercially reasonable means;
(iii) that the Plaintiff may apply the proceeds thereof for the repayment of the indebtedness secured thereby;
(iv) that the Defendant Gardner Agency be commanded to deliver the Collateral to the Plaintiff for such disposition; and
(v) that any such sale/disposition of the Collateral may be conducted by the Plaintiff at the premises on which it is situated.

h. Such other relief as this Court may deem just and equitable.

PLAINTIFF
BANKWELL BANK


By: /s/ Joseph L. Clasen
Joseph L. Clasen (ct04090)
Brian J. Wheelin (ct26823)
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, CT 06901-2249
Tel. No.: (203) 462-7500
Fax No.: (203) 462-7599
E-mail: jclasen@rc.com
E-mail: bwheelin@rc.com