1                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF CONNECTICUT
2
                                    )
3    BANKWELL BANK,                 )    No. 3:23-CV-00303-MPS
                                    )    450 Main Street
4                   vs.             )    Hartford, Connecticut
                                    )
5    GARDNER AGENCY OF TEXAS,       )    May 9, 2024
     LLC, ET AL.                    )
6    _____

7              TRANSCRIPT OF SETTLEMENT CONFERENCE

8          BEFORE THE HONORABLE ROBERT M. SPECTOR

9              UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES (All present by video or telephone):
     For the Plaintiff:      BRIAN J. WHEELIN
11                           Robinson & Cole LLP
                             1055 Washington Boulevard, 9th Floor
12                           Stamford, CT 06901

13   For the Defendant:      STEVEN C. GARDNER, PRO SE

14

15

16   ECR Operator:          CourtSmart

17                          Misti Breault
                          7227 N. 16th Street
18                             Suite 207
                          Phoenix, AZ 85020
19                          (800) 257-0885

20

21

22

23

24

25

Colloquy

1    (3:00 O'CLOCK, P.M.)

2    THE COURT:  All right.  I've gone on the record.  We

3    are here in the case of Bankwell Bank v. Gardner Agency of

4    Texas, LLC, et al., 3:23-cv-303, a case assigned to Judge

5    Shea.

6    Why don't I have counsel for the plaintiff identify

7    himself?

8    MR. WHEELIN:  Good afternoon, Your Honor.  Brian

9    Wheelin, Robinson & Cole, for plaintiff.

10    THE COURT:  All right.  And Mr. Gardner, you are here

11    representing yourself; is that correct?

12    MR. GARDNER:  That is correct, Your Honor.

13    THE COURT:  All right.  So we've been together now

14    since about 11 o'clock this morning, for about four hours, and

15    we have worked out a settlement to settle this case.  And I

16    want to go through that now while we're on the record.

17    So let me ask plaintiff's counsel to lay out your

18    understanding of what the terms of the settlement are.  Then,

19    I'll confirm that Mr. Gardner wants to go forward with it.

20    MR. WHEELIN:  Okay.  Thank you, Your Honor.  So the

21    parties have agreed that a note will be executed by the

22    defendants, Steven Gardner, Gardner Agency of Texas, LLC, and

23    Steven C. Gardner Agency of Houston, LLC, in the amount of

24    $265,000 with a maturity date that will be 120 days from

25    today's date.  There will be no interest under the note that

Colloquy

1    will accrue prior to maturity.  If the loan -- I'm sorry -- if

2    the note is not paid upon maturity, eight-and-a-half percent

3    interest will run upon a default of the maturity.  And there

4    will be a provision for Bankwell to recover its reasonable

5    attorney's fees and costs relevant to enforcement.  A note

6    will be secured by a mortgage, deed of trust, or other

7    appropriate security instrument on property known as 247A

8    Ammann, A-M-M-A-N-N, Road, Boerne, Kendall County, Texas.

9          Mr. Gardner, as part of the settlement, on the record

10   today would make the following representations:  that he has

11   the authority to enter into this settlement on behalf of both

12   defendants and Steven C. Gardner Agency of Houston, LLC; that

13   he is the majority member personally of both Gardner Agency of

14   Texas, LLC, and Steven C. Gardner Agency of Houston, LLC; and

15   that any other members of either Gardner Agency of Texas, LLC,

16   and Steven C. Gardner Agency of Houston, LLC, have been

17   notified of this settlement.

18          There are no other encumbrances on the Texas property

19   other than a $500,000 deed of trust, and there will be no

20   additional encumbrances -- a condition of the settlement is

21   that there'll be no additional encumbrances at the time of

22   recording of Bankwell's security instrument.  At that time,

23   there'll be no additional encumbrances beyond the $500,000

24   deed of trust.  Bankwell will be entitled to proof of adequate

25   insurance on the Texas property and be named as an additional

Colloquy

1    insured on that property.

2         I should go back to note that there will be a

3    provision in the note that, to the extent Bankwell receives

4    any payments from PolicyPro relevant to a note of Gardner

5    Agency of Texas, LLC, those payments shall be applied to the

6    balance of the note.

7         As a condition of the settlement, by no later than

8    June 1st, 2024, the parties will execute appropriate

9    settlement documents, including the note and the security

10   instrument, and the note and the security instrument will need

11   to be recorded prior to June 1, 2024.  The parties will

12   cooperate relevant to effectuating this transaction as

13   reasonably necessary.

14        The settlement agreement will contain mutual

15   releases.  Within five business days of the recording of the

16   security instrument and execution of the note and other

17   settlement documents, this litigation will be discontinued

18   with prejudice.  Bankwell will be entitled to a copy of the

19   note that is part of the deed of trust for the $500,000

20   encumbrance on the Texas property.

21        If Your Honor will just give me a moment, I think

22   that is everything.

23        (Pause)

24        MR. WHEELIN:  Yes.

25        THE COURT:  All right.  Mr. Gardner, having heard the

Colloquy

1   terms of the settlement, are you interested into entering into

2   the settlement?

3          MR. GARDNER:  Yes, but I do have a couple of

4   questions.

5          THE COURT:  Sure.  Go ahead.

6          MR. GARDNER:  I wasn't clear, as he read that, what

7   happens after that 120-day maturity date.  So if the home

8   doesn't sell outside it within that 120 days, my understanding

9   that interest begins to accrue at 8.5 percent until the home

10  sells?  I just wanted to clarify that, number 1.

11          And then, number 2 is, we already discussed I am

12  going to either get my current lender to continue on the note

13  or I'm going to refinance that.  There may or may not be some

14  closing costs associated with that note.  So that would

15  probably be added on to the note.  So it could be 510.  It

16  could be 515 or whatever terms that I'm needing to do in order

17  to secure a new note going forward.

18          MR. WHEELIN:  Your Honor, I will try to answer those

19  questions.  Interest would run until the bank was paid off the

20  amount owed under the note after the 120-day period runs.  I

21  will ask Ms. Kornberg to confirm, but I think the bank would

22  be comfortable to the extent that there was a refinance of the

23  $500,000 loan that resulted in an additional encumbrance of

24  reasonable closing costs, not to exceed $15,000.  Is that

25  acceptable to you, Sue?

Colloquy

1            MS. KORNBERG:  Yes.

2            MR. WHEELIN:  Okay.  Thank you.

3            THE COURT:  All right.  Mr. Gardner, with those

4    clarifications, did you have any other questions?

5            MR. GARDNER:  No.

6            THE COURT:  And with those clarifications, are you

7    interested in entering into this settlement?

8            MR. GARDNER:  I am, yes.

9            THE COURT:  Do you need any more time to think about

10   it?

11           MR. GARDNER:  I do not.

12           THE COURT:  All right.  You understand that you are

13   binding yourself to the terms of the settlement that we just

14   discussed?

15           MR. GARDNER:  Yes, I do.

16           THE COURT:  And that after today, you can't back out

17   and change your mind?

18           MR. GARDNER:  I understand that, Your Honor.

19           THE COURT:  All right.  And let me ask, Ms. Kornberg,

20   and what's your title again for the bank?

21           MS. KORNBERG:  I'm first vice president.

22           THE COURT:  Thank you.  And you can answer questions

23   on behalf of the bank?

24           MS. KORNBERG:  Yes.

25           THE COURT:  Are you interested in entering into this

Colloquy

1   settlement on behalf of the bank?

2           MS. KORNBERG:  Yes, I am.

3           THE COURT:  Do you need any more time to think about

4   it or to talk to your attorney?

5           MS. KORNBERG:  No, I do not.

6           THE COURT:  Do you have any questions for me or for

7   your attorney?

8           MS. KORNBERG:  No.

9           THE COURT:  Are you willing to bind the bank to the

10  terms of the settlement that we just discussed?

11          MS. KORNBERG:  I am.

12          THE COURT:  And you understand after today you can't

13  back out and change your mind?

14          MS. KORNBERG:  I understand.

15          THE COURT:  All right.  All right.  Sounds good,

16  everyone.  So I'll go ahead and report the case as settled.

17  That's all that I will put in the docket entry.  The district

18  judge will typically enter an administrative closure order

19  that just closes the case administratively and gives you all

20  30 days to do whatever you need to do.  If you need more time,

21  you can always move to extend that date.  It doesn't sound

22  like you will, because June 1st is coming quickly.  All right?

23          MR. WHEELIN:  Your Honor, if I may?  There's one

24  thing.  And I --

25          THE COURT:  Sure.

Colloquy

1    MR. WHEELIN:  -- appreciate the time.  While I said

2    it in my recitation, I would appreciate it -- just because

3    Steven C. Gardner Agency of Houston, LLC, is not a party to

4    this proceeding -- that you just confirm with Mr. Gardner that

5    he has --

6            THE COURT:  Sure.

7            MR. WHEELIN:  -- the authority to bind that entity

8    for purposes of --

9            THE COURT:  No problem.

10            MR. WHEELIN:  -- the settlement.  Thank you.

11            THE COURT:  Mr. Gardner, I think you understand this

12    because we talked about this during the settlement conference.

13    Do you have the authority to bind the Gardner LLC that owns

14    the Texas property to the settlement that we just discussed?

15            MR. GARDNER:  Yes, I do, Your Honor.

16            THE COURT:  All right.

17            MR. WHEELIN:  Thank you, Your Honor.

18            THE COURT:  All right.  You're welcome.

19            All right.  Thank you, all.  I'm going to let you go.

20    I appreciate your patience today.  And if you do anything from

21    me -- if you run into any issues, just email my chambers with

22    copies to both sides, and we'll get a phone call scheduled,

23    okay?

24            MR. WHEELIN:  Thank you, Your Honor.

25            THE COURT:  All right, everyone.

Colloquy

1          MR. GARDNER:  Thank you.

2          MR. WHEELIN:  Appreciate the time.

3          THE COURT:  Take care.

4          MR. WHEELIN:  Take care.

5          (Whereupon the above matter was concluded at 3:11

6    o'clock, p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATION

I, Misti Breault, Official Court Transcriber for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of the proceedings in the aforementioned matter to the best of my skill and ability.

Date: May 16, 2024

_MISTI BREAULT_

MISTI BREAULT

eScribers, LLC
7227 N. 16th Street
Phoenix, AZ 85020
(800) 257-0885